UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| DIRECTV, INC., | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CV 03-B-0769-NE |
| RICHARD MILTON, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**ENTERED**
AUG 26 2004

This case is presently pending before the court on defendant's Renewed Motion to Dismiss. (Doc. 31.) Plaintiff DIRECTV has sued defendant Richard Milton, alleging defendant illegally intercepted its satellite programming and illegally manufactured, assembled, distributed, sold and/or possessed certain satellite pirating devices, in violation of state and federal law. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's Renewed Motion to Dismiss, (doc. 31), is due to be granted in part and denied in part.

### I. MOTION TO DISMISS STANDARD

The Eleventh Circuit Court of Appeals has stated that a Motion to Dismiss "is viewed with disfavor and rarely granted." *Brooks v. Blue Cross and Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997)(citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969); *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)). When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the

court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986)); *see also Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994). The court will dismiss a claim only when it is clear that no relief could be granted under any set of facts consistent with the allegations in the Complaint. *Hishon*, 467 U.S. at 73; *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## II. STATEMENT OF FACTS

Plaintiff DIRECTV is a direct broadcast satellite system, which provides television programming to homes and businesses that subscribe to its service and which possess certain hardware. (Doc. 1 ¶ 1-2.) In order to receive some or all of the programming offered by plaintiff, its subscribers must have a satellite dish, an integrated receiver/decoder ["IRD"], and an access card. (*Id.* ¶ 2.) The access card is also used by plaintiff to limit access to its programming depending on the subscription package purchased by the subscriber. (*Id.* ¶ 9)

Plaintiff alleges, "Satellite pirates endeavor to circumvent DIRECTV's security measures to gain unlimited access to all DIRECTV programming . . . without paying a fee." (*Id.* ¶ 11.)

Plaintiff contends –

> On May 25, 2001, . . . [plaintiff] executed Writs of Seizure, with the assistance of local law enforcement, at Fulfillment Plus, a mail shipping facility used by several major sources of pirate technologies . . . . During and subsequent to the raids, [plaintiff] came into possession of a substantial body of sales records, shipping records, email communications, credit card receipts

2

and other records. Those records evidence certain of the Defendant['s] purchases of illegal pirate access devices.

. . .

. . . Beginning on or about March 30, 2001, defendant Milton purchased one or more pirate access devices from Canadian Security. Defendant placed each order by using interstate or foreign wire facilities and received his orders via the United States Postal Service or commercial mail carrier. Specifically, on or about March 30, 2001, defendant purchased three "MK2 Unlooper[s] - SU2" from Canadian Security.

(*Id.* ¶¶ 16, 19.)

### III. DISCUSSION

**A. COUNTS ONE - VIOLATION OF 47 U.S.C. § 605(a)**

Defendant contends that Count One of plaintiff's Complaint, alleging a violation of 47 U.S.C. § 605(a), is due to be dismissed because the allegations in plaintiff's Complaint are inadequate to state a claim for which relief may be granted.

Section 605(a) provides, in part –

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a).

Plaintiff's Complaint alleges that defendant has "purchased and used illegally modified DIRECTV Access Cards and other devices ('pirate access devices') that are desigend to permit viewing of DIRECTV's television programming without authorization

3

by or payment to DIRECTV." (Doc. 1 ¶ 18.) It also alleges, "Defendant[ ] [has] received and assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization, in violation of 47 U.S.C. § 605(a). (Doc. 1 ¶ 27)

When deciding a Motion to Dismiss, this court "must accept the allegations set forth in the complaint as true." *Gonzalez*, 980 F.2d at 1419. The allegations in plaintiff's Complaint state a cause of action against defendant for violation of § 605(a). Therefore, defendant's Motion to Dismiss Count One will be denied.

### B. COUNTS TWO AND THREE – VIOLATIONS OF 18 U.S.C. § 2511 AND § 2512

Plaintiff contends that Counts Two and Three of plaintiff's Complaint are due to be dismissed because plaintiff does not allege a cause of action under 18 U.S.C. § 2520(a). Section 2520(a) provides for the "recovery of civil damages" by "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter" from "the person or entity . . . which engaged in that violation." 18 U.S.C. § 2520(a). Plaintiff's Complaint alleges that it is entitled to damages based on defendant's violations of 18 U.S.C. § 2511 and § 2512 "under 18 U.S.C. § 2520." (Doc. 1 ¶¶ 35, 39). Therefore, the court finds that plaintiff has sufficiently invoked the remedy provided by 18 U.S.C. § 2520(a).

However, the court notes that § 2520 does not provide a remedy for violations of § 2512. As set forth above, § 2520 provides a civil remedy for the illegal "intercept[ion], disclos[ure], or intentional[ ] use[ ]" of "wire, oral, or electronic communication." 18 U.S.C. § 2520(a). Section 2512 prohibits the manufacture, assembly, possession or sell of so-called

4

pirating devices. 18 U.S.C. § 2512(1)(b). Plaintiff contends, in Count Three, that defendant "manufactured, assembled, distributed, sold, and/or possessed" an access device in violation of § 2512(1)(b). (Doc. 1 ¶ 37.) The issue, therefore, is whether § 2520, which provides a private right of action based on illegal "interception, disclosure, or use" of a wire, oral, or electronic communication, also provides a private right of action based on the manufacture or possession of a pirating device, in violation of § 2512.

Although there is some disagreement among courts, *see DIRECTV, Inc. v. Childers*, 274 F. Supp. 2d 1287, 1289 (M.D. Ala. 2003) and cases cited therein,[1] this court agrees with the line of authority that has found that § 2520 creates a private right of action for violations of § 2511 (actual interception of communication), but not for violations of § 2512 (manufacture or possession of pirate device). *Id*. "[M]ere proof of possession of 'pirating' equipment may establish a violation of the criminal statute [§ 2512], but [it] cannot support a civil action for damages." *Childers*, 274 F. Supp. 2d at 1289. Such interpretation of § 2520 is commonsensical.

---

[1]The court notes that this court is apparently divided on the issue of whether DIRECTV claims under § 2512, based on allegations of mere possession of pirating devices, are due to be dismissed on the ground that § 2520 does not provide a private cause of action for § 2512 violations. *Compare DIRECTV, Inc. v. Agee*, CV 03-J-0770-NE, doc. 32 at 4-5 (N.D. Ala. Nov. 23, 2003)(J. Johnson)(dismissing § 2512 claim on ground § 2520 did not provide a private cause of action for mere possession of a pirating device) and *DIRECTV v. Herring*, CV 03-P-1902-S, doc. 13 (N.D. Ala. (Dec. 2, 2003)(J. Proctor)(same) *with DIRECTV, Inc. v. Milton*, CV 03-C-0769-NE, doc. 17 (N.D. Ala. Sept. 15, 2003)(C.J. Clemon)(stamp ruling denying Motion to Dismiss); *DIRECTV, Inc. v. Alexander*, CV 03-CO-2264-NE, doc. 12 (N.D. Ala. Nov. 14, 2003)(J. Coogler)(order denying Motion to Dismiss without discussion of the § 2520 issue) and *DIRECTV, Inc. v. Curtis*, CV 03-H-2952-J, doc. 9 (Jan. 16, 2004)(S.J. Hancock)(stamp ruling denying Motion to Dismiss).

The individual in whose favor § 2520 was intended – the individual whose communications are intercepted – is not injured by another person's mere possession of a pirate device. Although Congress may have chosen to punish criminally the manufacture and possession of pirate devices without a showing of injury, it did not chose to allow a private individual to sue civilly those persons manufacturing or possessing a pirate device unless such individual was harmed, such as when the pirate device is used to intercept the individual's communications.

Therefore, the court finds that plaintiff's Complaint states a claim for which relief may be granted as to Count Two (§ 2511), but not as to Count Three (§ 2512). Defendant's Motion to Dismiss will be denied as to Count Two and granted as to Count Three. Count Three will be dismissed with prejudice.

## C. COUNT FOUR – STATE-LAW CONVERSION

Defendant contends that plaintiff's conversion claim is due to be dismissed because (1) the satellite programming alleged to have been converted is not "personal property"; and (2) plaintiff's state law conversion claims are preempted by the Copyright Act, 17 U.S.C. § 301.

Defendant alleges that plaintiff's "satellite programming" is not "personal property" under Alabama law. "On what amounts to a common law conversion claim filed in federal court, the court will apply the law of the jurisdiction in which it sits . . . ." *DIRECTV, Inc. v. Patel*, CV 03-C-3442, 2003 WL 22682443, *1 (N.D. Ill. Nov. 12, 2003). Other cases addressing whether plaintiff may sue defendants for common-law conversion of their satellite

6

programming have examined the issue of whether such programming is "convertible" under the particular state law. *Id.* (holding satellite programming is not convertible under Illinois law)(citing *Quincy Cablevision, Inc. v. Sully's Bar, Inc.*, 650 F. Supp. 838, 849 (D. Mass. 1986)(holding that Massachusetts law permits recovery for conversion of satellite signals) and *Don King Productions/Kingvision v. Lovato*, 911 F. Supp. 419, 423 (N.D. Cal.1995)(holding that California law permits recovery for conversion of satellite signals)). After examining Alabama law, the court finds that plaintiff's satellite programming is not convertible.

"A federal court sitting in diversity must apply state substantive law. Thus, [this court is] bound to decide the case the way it appears the state's highest court would." *Royal Ins. Co. of America v. Whitaker Contracting Corp.*, 242 F.3d 1035, 1040 (11th Cir. 2001)(citing, inter alia, *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938))(internal citations and quotations omitted). "[W]here, as in the instant case, a federal court is faced with a lack of controlling state judicial authority, it must determine as best it can what the state court would decide if confronted with the same set of facts." *Farmers & Bankers Life Ins. Co. v. St. Regis Paper Co.*, 456 F.2d 347, 348 (5th Cir. 1972)(citations omitted); *see also Freeman v. First Union Nat.*, 329 F.3d 1231, 1232 (11th Cir. 2003)("We decide novel questions of state law the way it appears the state's highest court would.")(internal quotations omitted). The question of whether satellite programming is convertible property has not been decided by the Alabama Supreme Court; therefore, this court must determine how the Alabama court would decide this issue.

To establish a conversion [in Alabama], the plaintiff must show that the defendant wrongfully exercised dominion over property in exclusion or defiance of a plaintiff's rights, where the plaintiff has the immediate right to possession of the property." *Kmart Corp. v. Perdue*, 708 So.2d 106, 110 (Ala. 1997). Under Alabama law:

> Conversion consists of (1) an act or omission by the defendant (2) with the intent to assert control over property (3) that belongs to the plaintiff (4) resulting in substantial interference to the plaintiff's possessory rights. In other words, a conversion is said to consist "either in the appropriation of the thing to the party's own use and beneficial enjoyment, or its destruction, or in exercising of dominion over it, in exclusion or defiance of the plaintiff's right, or in withholding the possession from the plaintiff, under a claim of title inconsistent with his own."

*Martin v. Luckie & Forney, Inc.*, 549 So.2d 18, 19 (Ala. 1989)(citations omitted). The property at issue in a conversion claim can be tangible or intangible. *National Surety Corp. v. Applied Systems, Inc.*, 418 So. 2d 847, 850 (Ala. 1982).

In *National Surety Corp.*, the Alabama Supreme Court relied on the definition of "property" in the Alabama Criminal Code, § 13A-8-1(10), to determine whether a computer program was property of the plaintiff that could be the subject of a conversion claim. The court held, "[i]t would be inconsistent to say that intangible personal property [such as the computer program] can be the subject of theft [as set forth in the definition of 'property' in Ala. Code § 13A-8-1(10)] and yet not be subject to conversion."

Section 13A-8-1(10), which defines "property," excludes "services" from the definition of "property." The section defines "property" as follows:

> Any money, tangible or intangible personal property, property (whether real or personal) the location of which can be changed (including things

growing on, affixed to, or found in land and documents, although the rights represented hereby have no physical location), contract right, chose-in- action, interest in a claim to wealth, credit, or any other article or thing of value of any kind.

Commodities of a public utility nature, such as gas, electricity, steam, and water, constitute property, ***but the supplying of such a commodity to premises from an outside source*** by means of wires, pipes, conduits, or other equipment ***shall be deemed a rendition of a service rather than a sale or delivery of property***.

Ala. Code § 13A-8-1(10)(emphasis added). Under this definition, the obtaining of unauthorized satellite programming from a source would be a taking of a "service" not the taking of "property."

Also, as evidence of how the Alabama Supreme Court would resolve the issue, the court has considered Alabama law regarding theft of cable television services. Alabama law specifically prohibits the theft of cable television services, and provides a private right of action by statute. *See* Ala. Code §§ 13A-8-121; 13A-8-123(b). Under the Alabama statute, obtaining cable television service without paying for it is a misdemeanor. Ala. Code § 13A-8-121.[2] An "aggrieved cable operator" may bring a civil action under § 13A-8-123 against

---

[2]Section 13A-8-121 provides:

It shall be a misdemeanor for any person to knowingly:

(1) Obtain or attempt to obtain cable television service from a company by trick, artifice, deception or other fraudulent means with the intent to deprive such company of any or all lawful compensation for rendering each type of service obtained;

(2) Assist or instruct any other person in obtaining or attempting to obtain any cable television service without payment of all lawful compensation

9

an individual that "violates the provisions of any subsection of Section 13A-8-121 for a

---

   to the company providing such service;

   (3) Make or maintain a connection or connections, whether physical, electrical, mechanical, acoustical or by other means, with any cables, wires, components or other devices used for the distribution of cable television without authority from the cable television company;

   (4) Make or maintain any modification or alteration to any device installed with the authorization of a cable television company for the purpose of intercepting or receiving any program or other service carried by such company which such person is not authorized by such company to receive;

   (5) Manufacture, import into this state, distribute, sell, lease or offer, possess, or advertise for sale or lease any device, or any plan or kit for a device or for a printed circuit designed in whole or in part to decode, descramble or otherwise make intelligible any encoded, scramble or other nonstandard signal carried by a cable television company with the intent that such device, plan or kit be used for the theft of such company's services;

   (6) Provided, however, that nothing in this section shall be construed to prohibit the manufacture, importation, sale, lease or possession of any television device possessing the internal hardware necessary to receive cable television signals without the use of a converter device or box, or of any television advertised as "cable ready";

   (7) Manufacture, import into this state, distribute, sell, offer for sale, rent or use any device, plan or kit for a device, designed in whole or in part to unlawfully perform or facilitate the unlawful performance of any of the acts set out in subdivisions (1)-(5) of this section;

   (8) Provided, that nothing in this section shall be construed to limit a subscriber's equipment selection to that of the cable company, so long as all equipment is properly installed and meets all local and FCC requirements. Any person violating the provisions of this section shall, upon conviction, be guilty of a Class B misdemeanor.

Ala. Code § 13A-8-121.

second or subsequent time" for damages in "an amount not to exceed the greater of . . . (1) two thousand dollars; or (2) Double the amount of actual damages, if any, sustained by the cable television company." Ala. Code § 13A-8-123(b).[3]

Count Four of plaintiff's Complaint alleges that defendant has "unlawfully converted to [his] own use and benefit property belonging to [plaintiff]." (Doc. 1 ¶ 39.) Based on the foregoing, the court determines that the Supreme Court of Alabama would hold that a common-law cause of action for conversion will not lie for the theft of satellite television programming because (1) under Alabama law provision of a commodity to a premises is a "service," Ala. Code § 13A-8-1(10), and, therefore, diversion or interception of satellite programming is the theft of a "service" and not property; and (2) Alabama provides a statutory civil action for theft of cable television services, Ala. Code § 13A-8-123(b), which apparently would be applicable to aggrieved satellite service providers in lieu of a state law conversion claim.

Defendant also contends that plaintiff's conversion claim is preempted by Federal Copyright Act. The court pretermits discussion of whether plaintiff's state-law conversion claim is preempted because such claim is due to be dismissed on other grounds.

---

[3]Section 13A-8-123(a) provides a civil remedy to the "aggrieved cable television company" for the first violation of § 13A-8-121(5), which prohibits the "[m]anufacture, import into this state, distribut[ion], [sale], lease or offer, possess[ion], or advertise[ment] for sale or lease any device . . . designed in whole or in part to decode . . . any encoded . . . signal carried by a cable television company with the intent that such device . . . be used for the theft of such company's services."

## CONCLUSION

For the foregoing reasons, the court is of the opinion that Counts Three and Four of plaintiff's Complaint fail to state claims upon which relief may be granted. Therefore, defendant's Renewed Motion to Dismiss will be granted as to Counts Three and Four, and such claims will be dismissed. An order granting defendant's Renewed Motion to Dismiss as to Counts Three and Four, and denying his Renewed Motion to Dismiss as to the remaining Counts, will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 26th day of August, 2004.

*/s/ Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge